IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILAL SABUR, | : CIVIL ACTION NO. 3:19-CV-1693 |
| Petitioner | : (Judge Conner) |
| v. | : |
| LAWRENCE P. MAHALLY, | : |
| Respondent | : |

# MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2254 in which petitioner Bilal Sabur challenges a 2012 criminal conviction in the Lycoming County Court of Common Pleas. We will deny the petition with prejudice.

## I.     Factual Background & Procedural History

The state courts of Pennsylvania have succinctly summarized much of the relevant background and procedural history. On January 28, 2011, Sabur and Ryan Smith got into a disagreement concerning Smith's girlfriend while they were at a bar. Commonwealth v. Sabur, No. 1138 MDA 2017, 2019 WL 1513213, at *1 (Pa. Super. Ct. Apr. 5, 2019). Sabur, Smith, and two other individuals name Dawine Jeffreys and Bernard Daniels left the bar and went into a nearby alley. Id. While they were in the alley, Sabur pulled out a gun and fired several shots, which resulted in Jeffreys suffering gunshot wounds to his leg. Id.

Criminal charges were brought against Sabur, and in 2012, he was convicted in the Lycoming County Court of Common Pleas of aggravated assault, simple assault, possession of an instrument of crime, recklessly endangering another

person, and violation of Pennsylvania's Uniform Firearms Act.  See id. at *1-2; Commonwealth v. Sabur, No. 1955 MDA 2012, 2014 WL 10919368, at *1 (Pa. Super. Ct. June 3, 2014).  He was sentenced to a term of imprisonment of 18 to 36 years.  Sabur, 2019 WL 1513213, at *2.

Sabur appealed his conviction to the Pennsylvania Superior Court, arguing that the trial court erred by (1) permitting the Commonwealth to elicit testimony about Sabur's prior convictions; (2) admitting portions of a letter Sabur had written that indicated that he spent most of his 20s "behind bars"; (3) admitting hearsay statements from Smith indicating that Sabur had raped Smith's girlfriend prior to the altercation between Sabur and Smith; (4) admitting audio recordings of calls and visits that Sabur had while he was in prison; and (5) allowing the testimony of the Commonwealth's ballistics expert.  Sabur, 2014 WL 10919368, at *3.  The Superior Court affirmed.  Id. at *9.  Sabur filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on December 26, 2014.  (Doc. 19 at 14).

Sabur filed a *pro se* petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on March 31, 2015.  (See Doc. 19 at 26-34).  In the petition, Sabur alleged generally that his constitutional rights had been violated during the trial, but did not make any specific claims.  (See id.)  Instead, Sabur stated "N/A I [would] rather consult with counsel to adequately preserve issues." (Id. at 28).  Counsel was appointed to represent Sabur in the PCRA proceeding, and Sabur subsequently filed several amended PCRA petitions through counsel that asserted numerous instances of ineffective assistance by his trial counsel, including,

2

*inter alia*, failure to interview alibi witnesses, failure to request a jury instruction on misidentification, and failure to raise an objection under 42 Pa.C.S. § 5918. (See Doc. 26 at 15-16; 25-29; 38-41). The Court of Common Pleas summarily dismissed several of Sabur's claims but held an evidentiary hearing as to those three claims. (See id. at 61-81).

Following the conclusion of the evidentiary hearing, the Court of Common Pleas denied the PCRA petition on June 30, 2017. (Id. at 77-81). Sabur then waived his right to appellate counsel in the PCRA proceeding and filed a *pro se* appeal to the Superior Court. Sabur, 2019 WL 1513213, at *2. Sabur raised four claims in his appeal: (1) that his PCRA counsel was ineffective for failing to subpoena, question, or call trial counsel or Sabur's alibi witness as witnesses in the PCRA proceeding; (2) that PCRA counsel was ineffective for failing to call trial counsel as a witness regarding trial counsel's purported failure to request a jury instruction on the issue of misidentification; (3) that PCRA counsel was ineffective for failing to call trial counsel as a witness or otherwise present evidence regarding trial counsel's purported failure to raise an objection under 42 Pa.C.S. § 5918; and (4) that PCRA counsel was ineffective for failing to investigate trial counsel's purported ineffectiveness. Id. at *3.

The Superior Court affirmed. Id. at *5. The court concluded that Sabur had waived his claims of ineffective assistance of PCRA counsel because claims asserting ineffective assistance by PCRA counsel could only be raised in a serial PCRA petition and could not be raised for the first time on appeal from the original PCRA petition. Id. at *3-5.

3

Sabur filed the instant petition on October 1, 2019, raising the same claims of PCRA counsel's ineffectiveness that he made on appeal to the Superior Court. (Doc. 1). Sabur filed a supporting brief on the same day, in which he argues that the court should consider his petition based on the Supreme Court's holding in Martinez v. Ryan, 566 U.S. 1 (2012). (Doc. 2). Respondent responded to the petition on May 12, 2021, arguing that the petition should be denied because Sabur procedurally defaulted all of his claims in state court. (Doc. 19). Sabur filed a reply brief on June 14, 2021. (Doc. 21).

On January 26, 2022, we issued an order under Rule 7 of the rules governing Section 2254 habeas corpus petitions requiring respondent to provide copies of the amended PCRA petitions that Sabur had filed in the Court of Common Pleas and a copy of the court's opinion and order that dismissed several of Sabur's PCRA claims. (Doc. 23). Respondent provided the documents on March 8, 2022. (Doc. 26).

Sabur moved for summary judgment on March 1, 2022. (Doc. 25). He has not filed a brief in support of the motion, and the deadline for doing so has expired under the Local Rules. See M.D. PA. L.R. 7.5.

## II. Discussion

At the outset, Sabur's motion for summary judgment will be deemed withdrawn. Under Local Rule 7.5, a motion shall be deemed withdrawn if the moving party fails to file a supporting brief within fourteen days of the motion. M.D. PA. L.R. 7.5. More than fourteen days have elapsed since Sabur moved for summary judgment, and he has neither filed a brief in support of the motion nor

4

requested an extension of time in which to do so. Accordingly, the motion is deemed withdrawn.

Turning to the merits, we will deny Sabur's petition to the extent that it seeks relief based on a freestanding claim of PCRA counsel's ineffectiveness. Federal courts may not grant habeas corpus relief based on the purported ineffectiveness of PCRA counsel. 28 U.S.C. § 2254(i); Martinez, 566 U.S. at 17. Thus, the four claims raised on the face of Sabur's petition plainly fail, as they all are based on PCRA counsel's ineffectiveness.

We liberally construe Sabur's filings, however, as also raising a procedural default argument under the Supreme Court's holding in Martinez, where the Court held that the procedural default of a claim of ineffective assistance of trial counsel may be excused if the procedural default was caused by the ineffectiveness of counsel in a collateral proceeding in failing to raise the claim. Id. Sabur does not specifically rely on Martinez in his petition, but in his brief filed on the same day he asserts that trial counsel was ineffective for failing to interview Sabur's alibi witness, failing to request a jury instruction on misidentification, and failing to raise an objection based on 42 Pa.C.S. § 5918. Sabur then presents arguments about why Martinez applies to the case. Given these arguments, we liberally construe Sabur's filings as (1) raising claims of ineffective assistance of trial counsel and (2) arguing that the court should excuse the procedural default of those claims under Martinez. We accordingly turn to the issue of procedural default.

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v.

5

Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842. Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits. Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012). State procedural rules are independent if they are "not interwoven with federal law or dependent upon a federal constitutional ruling" and adequate if they were "'firmly established and regularly followed' at the time of the alleged procedural default." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 n.18 (3d Cir. 2017) (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)).

Federal courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence. Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018).

Sabur raised his claims of ineffective assistance of trial counsel before the Court of Common Pleas in his PCRA proceeding, but he did not raise them when he

appealed the denial of the PCRA petition to the Superior Court. The claims are therefore procedurally defaulted.

Sabur argues that we should excuse the procedural default under Martinez. (Doc. 2). In Martinez, the Supreme Court held that where state procedural rules require a defendant to raise ineffective assistance of counsel claims in collateral proceedings rather than on direct review, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 566 U.S. at 17.

Sabur's reliance on Martinez is misplaced for three reasons. First, Martinez does not apply when collateral counsel raises the underlying ineffectiveness claim on the petitioner's behalf and the petitioner argues only that counsel did a deficient job of arguing the claim. See Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015) ("[T]he *Martinez* exception applies only when 'an attorney's errors cause a procedural default in an initial-review collateral proceeding,' and we're unconvinced by Norris's conflation of shoddy advocacy and procedural default." (internal citation and alterations omitted) (quoting Martinez, 566 at 14)). The record reflects that Sabur's PCRA counsel raised the underlying ineffectiveness claims. (See Doc. 26 at 15-16; 25-29; 38-41). Sabur may believe that PCRA counsel did not competently argue the claims, but this is not a sufficient basis to excuse a procedural default. Norris, 794 F.3d at 405.

Second, Martinez only applies when a claim is procedurally defaulted during initial-review collateral proceedings and not during collateral appeals. Id. (citing

7

Martinez, 566 U.S. at 10, 16).  The record reflects that Sabur procedurally defaulted his claims on appeal to the Superior Court and not during the initial-review collateral proceeding.  See Sabur, 2019 WL 1513213, at *3; Doc. 26 at 15-16; 25-29; 38-41.  Thus, Martinez does not apply.  Norris, 794 F.3d at 405.

Finally, even assuming that Martinez could be applied to procedural defaults occurring during collateral appeals, it would still not govern this case.  As noted above, Sabur waived his right to appellate counsel in the PCRA proceeding and filed his appeal to the Superior Court *pro se*.  See Sabur, 2019 WL 1513213, at *2.  The procedural default that occurred was therefore due to Sabur's *own* error rather than the error of counsel.  Thus, because Martinez does not excuse the procedural default of Sabur's claims, we will deny habeas corpus relief.

### III. Conclusion

We will deny the petition for writ of habeas corpus with prejudice and Sabur's motion for summary judgment will be deemed withdrawn.  A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further.  Buck v. Davis, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    April 27, 2022