IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BILAL SABUR,** | : CIVIL ACTION NO. 3:19-CV-1693 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **LAWRENCE P. MAHALLY,** | : |
| Respondent | : |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2254 in which petitioner Bilal Sabur challenges a 2012 criminal conviction in the Lycoming County Court of Common Pleas. We denied the petition for writ of habeas corpus on April 27, 2022. Sabur has appealed to the Third Circuit and has moved to alter or amend the judgment in this court. We will deny the motion.

**I.      Factual Background & Procedural History**

We include the background and procedural history section from our previous memorandum opinion to facilitate appellate review. On January 28, 2011, Sabur and Ryan Smith got into a disagreement concerning Smith's girlfriend while they were at a bar. Commonwealth v. Sabur, No. 1138 MDA 2017, 2019 WL 1513213, at *1 (Pa. Super. Ct. Apr. 5, 2019). Sabur, Smith, and two other individuals name Dawine Jeffreys and Bernard Daniels left the bar and went into a nearby alley. Id. While they were in the alley, Sabur pulled out a gun and fired several shots, which resulted in Jeffreys suffering gunshot wounds to his leg. Id.

Criminal charges were brought against Sabur, and in 2012, he was convicted in the Lycoming County Court of Common Pleas of aggravated assault, simple assault, possession of an instrument of crime, recklessly endangering another person, and violation of Pennsylvania's Uniform Firearms Act.  See id. at *1-2; Commonwealth v. Sabur, No. 1955 MDA 2012, 2014 WL 10919368, at *1 (Pa. Super. Ct. June 3, 2014).  He was sentenced to a term of imprisonment of 18 to 36 years.  Sabur, 2019 WL 1513213, at *2.

Sabur appealed his conviction to the Pennsylvania Superior Court, arguing that the trial court erred by (1) permitting the Commonwealth to elicit testimony about Sabur's prior convictions; (2) admitting portions of a letter Sabur had written that indicated that he spent most of his 20s "behind bars"; (3) admitting hearsay statements from Smith indicating that Sabur had raped Smith's girlfriend prior to the altercation between Sabur and Smith; (4) admitting audio recordings of calls and visits that Sabur had while he was in prison; and (5) allowing the testimony of the Commonwealth's ballistics expert.  Sabur, 2014 WL 10919368, at *3.  The Superior Court affirmed.  Id. at *9.  Sabur filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on December 26, 2014.  (Doc. 19 at 14).

Sabur filed a *pro se* petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on March 31, 2015.  (See Doc. 19 at 26-34).  In the petition, Sabur alleged generally that his constitutional rights had been violated during the trial, but did not make any specific claims.  (See id.)  Instead, Sabur stated "N/A I [would] rather consult with counsel to adequately preserve issues."

2

(Id. at 28). Counsel was appointed to represent Sabur in the PCRA proceeding, and Sabur subsequently filed several amended PCRA petitions through counsel that asserted numerous instances of ineffective assistance by his trial counsel, including, *inter alia*, failure to interview alibi witnesses, failure to request a jury instruction on misidentification, and failure to raise an objection under 42 Pa.C.S. § 5918. (See Doc. 26 at 15-16; 25-29; 38-41). The Court of Common Pleas summarily dismissed several of Sabur's claims but held an evidentiary hearing as to those three claims. (See id. at 61-81).

Following the conclusion of the evidentiary hearing, the Court of Common Pleas denied the PCRA petition on June 30, 2017. (Id. at 77-81). Sabur then waived his right to appellate counsel in the PCRA proceeding and filed a *pro se* appeal to the Superior Court. Sabur, 2019 WL 1513213, at *2. Sabur raised four claims in his appeal: (1) that his PCRA counsel was ineffective for failing to subpoena, question, or call trial counsel or Sabur's alibi witness as witnesses in the PCRA proceeding; (2) that PCRA counsel was ineffective for failing to call trial counsel as a witness regarding trial counsel's purported failure to request a jury instruction on the issue of misidentification; (3) that PCRA counsel was ineffective for failing to call trial counsel as a witness or otherwise present evidence regarding trial counsel's purported failure to raise an objection under 42 Pa.C.S. § 5918; and (4) that PCRA counsel was ineffective for failing to investigate trial counsel's purported ineffectiveness. Id. at *3.

The Superior Court affirmed. Id. at *5. The court concluded that Sabur had waived his claims of ineffective assistance of PCRA counsel because claims

3

asserting ineffective assistance by PCRA counsel could only be raised in a serial PCRA petition and could not be raised for the first time on appeal from the original PCRA petition. Id. at *3-5.

Sabur filed the instant case on October 1, 2019, raising the same claims of PCRA counsel's ineffectiveness that he made on appeal to the Superior Court. (Doc. 1). Sabur filed a supporting brief on the same day, in which he argued that the court should consider his petition based on the Supreme Court's holding in Martinez v. Ryan, 566 U.S. 1 (2012). (Doc. 2). Respondent responded to the petition on May 12, 2021, arguing that the petition should be denied because Sabur procedurally defaulted all of his claims in state court. (Doc. 19). Sabur filed a reply brief on June 14, 2021. (Doc. 21).

On January 26, 2022, we issued an order under Rule 7 of the rules governing Section 2254 habeas corpus petitions requiring respondent to provide copies of the amended PCRA petitions that Sabur had filed in the Court of Common Pleas and a copy of the court's opinion and order that dismissed several of Sabur's PCRA claims. (Doc. 23). Respondent provided the documents on March 8, 2022. (Doc. 26). Sabur also moved for summary judgment on March 1, 2022. (Doc. 25).

We denied Sabur's petition with prejudice on April 27, 2022. (Docs. 27-28). We concluded that the four claims of PCRA counsel's ineffectiveness raised on the face of Sabur's petition plainly failed because habeas corpus relief could not be granted based on the purported ineffectiveness of PCRA counsel. (Doc. 27 at 5). We liberally construed the petition, however, as also raising claims of ineffective assistance of trial counsel. (Id.) We found that these claims were procedurally

4

defaulted, but liberally construed the petition to assert that we should excuse the procedural default under Martinez. In Martinez, the Court held that when state procedural rules require a defendant to raise ineffective assistance of counsel claims in collateral proceedings rather than on direct review, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 566 U.S. at 17. We found Sabur's reliance on Martinez misplaced because: (1) counsel raised the ineffective assistance of trial counsel claim in the PCRA proceeding, and an argument that counsel had not argued the claim competently was not a sufficient basis to excuse a procedural default under Martinez; (2) Sabur's claim was defaulted during the PCRA appeal to the Superior Court and not during the initial PCRA proceeding as required by Martinez; and (3) the procedural default occurred as a result of Sabur's own error and not because of any error by counsel. (Doc. 27 at 7-8). We additionally deemed Sabur's motion for summary judgment withdrawn because Sabur had not filed a brief in support of the motion as required by Local Rule 7.5. (Id. at 4-5).

Sabur appealed on May 26, 2022 and moved to alter or amend the judgment in this court on the same day. (Docs. 29, 31). The Third Circuit stayed Sabur's appeal on June 1, 2022 pending our disposition of Sabur's motion. Sabur v. Superintendent Dallas SCI, No. 22-2016 (3d Cir. June 1, 2022).

## II. Legal Standard

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must rely on at least one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party may not invoke a motion for reconsideration to "relitigate old matters" or present previously available arguments or evidence. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010)).

## III. Discussion

Sabur raises four arguments for reconsideration of our judgment, none of which has merit. First, he argues that if we had liberally construed his petition, we "would have recognized" that he was raising claims of ineffective assistance of trial counsel. (Doc. 31 at 1).

We agree. In fact, a cursory reading of our opinion shows that we *already* gave Sabur's petition the liberal construction he now requests. (See Doc. 27 at 5 ("[W]e liberally construe Sabur's filings as (1) raising claims of ineffective assistance of trial counsel and (2) arguing that the court should excuse the procedural default of those claims under Martinez"). There is no basis to reconsider our judgment

6

based on a purported failure to liberally construe the petition when the record plainly shows that we did so construe it in the first instance.

Sabur's second argument is that we erred by deeming his motion for summary judgment withdrawn. (Doc. 31 at 1). This argument is without merit. The Third Circuit has held that "it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule." United States v. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 214 (3d Cir. 2000) (citing Smith v. Oelenschlager, 845 F.2d 1182, 1184-85 (3d Cir. 1988)); see also, e.g., Folk v. Bureau of Prisons, No. 21-1543, 2021 WL 3521143, at *4 (3d Cir. Aug. 11, 2021) (finding no error in district court's order deeming motion withdrawn under Local Rule 7.5). Furthermore, any purported error in deeming the motion withdrawn is harmless; we conclude in the same opinion that Sabur is not entitled to habeas corpus relief, so he is clearly not entitled to summary judgment.

Sabur's third argument is that we made several errors in our analysis of Martinez. (Doc. 31 at 1). First, he asserts that Martinez applies to cases in which a claim of trial counsel's ineffectiveness is procedurally defaulted due to the ineffectiveness of PCRA counsel. (Id.) This is true, but we do not ignore this aspect of Martinez in our opinion. To the contrary, we explicitly state that under Martinez "procedural default of a claim of ineffective assistance of trial counsel may be excused if the procedural default was caused by the ineffectiveness of counsel in a collateral proceeding in failing to raise the claim." (Doc. 27 at 5). Second, Sabur argues that Martinez applies when a claim is procedurally defaulted during a PCRA

7

appeal. (Doc. 31 at 1-2). As we note in our prior opinion, see Doc. 27 at 7-8, this is incorrect. See Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015) ("Martinez made very clear that its exception to the general rule of *Coleman* applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals."). Third, Sabur appears to argue that we made some error in failing to consider all possible claims in our analysis of Martinez:

> Martinez 566 U.S., at 14, Bey, 856 F.3d at 238 interpreting Martinez as suggesting that this Court apply the Standard for issuing certificates of appealability in resolving the inquiry into what Constitute a substantial claim"). For grievances that was addressed, also ones that may have been misconstrued. As PCRA Counsel IAC, and those claims that was not addressed by District Court in regards to the Subdebatable claim, which would meet the substantiality requirement of Martinez.

(Doc. 31 at 2 (all errors in original)). We cannot discern what Sabur is attempting to argue here, but it suffices to say that we have reexamined our Martinez analysis in detail and have found no errors.

Sabur's final argument is that his underlying claim of ineffective assistance of trial counsel had merit because counsel's actions fell well below an objective standard of reasonableness. (Id. at 2). This is immaterial. We concluded that Sabur's underlying ineffectiveness claims were procedurally defaulted and that Martinez could not excuse the procedural default, so we did not reach the merits of the claims. (See Doc. 27 at 5-8).

**IV.    Conclusion**

We will deny Sabur's motion to alter or amend judgment. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 13, 2022